**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **BANK OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 09 C 5109** |
| **v.** | ) | |
| | ) | |
| **PARAMESWARNI VELUCHAMY and** | ) | **JUDGE DAVID H. COAR** |
| **PETHINAIDU VELUCHAMY** | | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

On February 3, 2010, Defendants-Counterplaintiffs First Mutual Bancorp of Illinois, Inc.

("First Mutual"), Pethinaidu Veluchamy, and Parameswari Veluchamy (collectively "the

Veluchamys") filed an objection to Magistrate Judge Brown's denial of their motion to partially

stay discovery. In the alternative, Counterplaintiffs move to stay all discovery in this case. On

February 17, 2010, Defendants-Counterplaintiffs filed an additional objection challenging the

portion of Magistrate Judge Brown's February 3, 2010 Order compelling the deposition of Arun

Veluchamy, the Veluchamy's son and president of Defendant-Counterplaintiff First Mutual. On

March 25, 2010, Counterplaintiffs filed an objection to Magistrate Judge Brown's ruling on the

parties' cross-motions regarding Bank of America's Rule 30(b)(6) deposition of First Mutual.

For the reasons stated below, Counterplaintiffs' objections to Magistrate Judge Brown's rulings

are OVERRULED, and their alternative motion to stay all discovery is DENIED.

## BACKGROUND

Plaintiff Bank of America brings this action against the Veluchamys and First Mutual

(collectively "Defendants-Counterplaintiffs" or "Counterplaintiffs") seeking to recover over $40

million, which Counterplaintiffs allegedly borrowed from Bank of America and failed to pay

back.  In turn, the Veluchamys and First Mutual bring a nine-count counterclaim against Bank of America, alleging that Bank of America participated in a large-scale fraud that involved inducing Counterplaintiffs to take out the loans at issue, wrongfully disbursing the proceeds of these loans, and ostensibly, aiding Counterplaintiffs' business partners in a scheme to defraud Counterplaintiffs.  The Veluchamys, the principal owners of First Mutual, which in turn owned Mutual Bank, blame this alleged scheme for the collapse of Mutual Bank.

Key to the objections at issue, the downfall of Mutual Bank led to a federal criminal investigation.  According to Counterplaintiffs, there is no indication yet that they are specific targets of this investigation, but the investigation is not yet at a point where "no target" letters can be issued.  In any event, on January 14, 2010, Counterplaintiffs filed a motion to partially stay discovery in order to avoid placing Counterclaimants in the difficult position of choosing between asserting and waiving their Fifth Amendment privilege against self-incrimination.  In that motion, Counterplaintiffs sought to stay discovery as to themselves until May 1, 2010 "or until such time that it is clear that they are not targets of any criminal investigation."  (Feb. 3 Objection, Dkt. 59, Ex. A at 2.)  Counterplaintiffs do not explain the particular significance of the date, May 1, 2010.

On January 20, 2010, Magistrate Judge Brown issued a ruling from the bench denying Counterplaintiffs' motion.  (Dkt. 53.)  Judge Brown's primary reasons for her ruling are as follows:

(1) Counterplaintiffs were aware of the Fifth Amendment issue and should have addressed this issue before agreeing to this Court's scheduling order;

(2) A partial stay would disrupt this Court's discovery schedule and prejudice Plaintiff-Counterdefendant by thwarting its ability to defend against Counterplaintiffs' counterclaim;

(3) The key case on which Counterplaintiffs rely, *Evans v. City of Chicago*, 513 F.3d 735 (7th Cir. 2008), is distinguishable for two reasons: (a) The defendants there were not also pursuing a counterclaim, unlike Defendants-Counterplaintiffs here; and (b) In *Evans*, the government investigation was well-publicized and presented a serious risk that the defendants would indeed be prosecuted, unlike the speculative situation here.

After Judge Brown issued her ruling, Counterplaintiffs asked for a stay of the order pending appeal, which she also denied. Under Fed. R. Civ. P. 72, Counterplaintiffs had 14 days to object to Magistrate Judge Brown's ruling, and on the fourteenth day, February 3, 2010, they filed the instant Rule 72 objection.

On March 11, 2010, Bank of America moved for leave to file supplemental authorities in support of their opposition to Counterplaintiffs' objection. This Court granted Bank of America's motion on March 16, 2010. (Dkt. 90.) Bank of America's supplemental authorities include March 4 and March 11 opinions and orders of Magistrate Judge Cole in *United Auto Ins. v. Veluchamy* (No. 09 C 5487). In that case, Veluchamy advanced some of the same Fifth Amendment arguments he and the other counterplaintiffs make here, and Magistrate Judge Cole rejected these arguments.[1] Counterplaintiffs responded by pointing out that Magistrate Judge Cole is currently entertaining a motion to reconsider his March 4 opinion rejecting Veluchamy's Fifth Amendment arguments.

**LEGAL STANDARD**

Under Fed. R. Civ. P. 72(a), when a party objects to a magistrate judge's ruling on a nondispositive matter, the district judge assigned to the case "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.

---

[1] While, of course, this Court is not bound by Magistrate Judge Cole's ruling, it is useful to note that Judge Cole criticized Veluchamy for "seeking to have the best of all worlds; to be able to answer the complaint, to raise affirmative defenses, to avoid having to respond to discovery, and to avoid having to assert the Fifth Amendment, while effectively availing himself of its protections. It is self-help in its most obvious and unsustainable form." (Dkt. 85-1 at 6.) Judge Cole also cautioned that, while the dilemma Counterplaintiffs face may be uncomfortable, it is not one the Constitution forbids (citing *Baxter v. Palmigiano*, 425 U.S. 308 (1776)) (Dkt. 85-1 at 2, 5.)

R. Civ. P. 72(a); *see also Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).

## DISCUSSION

### I.      Counterplaintiffs' February 3 Objection

Counterplaintiffs argue that Magistrate Judge Brown's ruling below was clearly erroneous.  At the outset, Counterplaintiffs correctly note that courts may exercise their discretion by staying civil proceedings to avoid placing defendants in the difficult position of choosing whether to assert or waive their Fifth Amendment rights.  According to Counterplaintiffs, when determining whether they should exercise such discretion, courts entertain a variety of considerations, all of which are encompassed by three factors: (a) the interests of the parties, (b) the interests of the Court, and (c) the interests of the public. Counterplaintiffs challenge Judge Brown's ruling because they believe that she failed to balance these interests.  They also take issue with the specific reasons offered by Judge Brown in support of her ruling.

First, Counterplaintiffs contest Judge Brown's assertion that a partial (and one-sided) stay would unfairly prevent Bank of America from pursuing discovery to defend against their counterclaim.  According to Counterplaintiffs, Bank of America could prepare its defense by obtaining information from third parties, such as the FDIC, and from other individuals identified in their Rule 26(a)(1) statement.

Next, Counterplaintiffs challenge Judge Brown's contention that they should have addressed their Fifth Amendment concerns in this Court before agreeing to the discovery schedule established in December 2009.  Counterplaintiffs claim that no rule supports this contention and explain that, because of the stigma associated with the assertion of the Fifth

Amendment privilege, they intended to delay addressing their Fifth Amendment concern until absolutely necessary. Counterplaintiffs cite *Emsak v. United States*, 349 U.S. 190 (1955), a McCarthy-era case that discusses the stigma that may attach when a party asserts the Fifth Amendment. Finally, Counterplaintiffs argue that, under the required balancing analysis, something more than the Court's interest in proceeding expeditiously was required to outweigh their Fifth Amendment concerns.

Bank of America opposes Counterplaintiffs' objection to Magistrate Judge Brown's ruling denying a partial stay of discovery in this case. As an initial matter, Bank of America notes that a civil litigant has no right to a stay to avoid the consequences of the Supreme Court's rule that, in civil actions, the Court may draw an adverse inference from a party's assertion of the Fifth Amendment. *See Baxter*, 425 U.S. at 318. In *Cruz v. County of DuPage*, this Court recognized that "it is not unconstitutional to force a litigant to choose between invoking the fifth amendment in a civil case, thus risking a loss there, or answering the questions in the civil context, thus risking subsequent criminal prosecution." No. 96 C 7170, 1997 WL 370194, at *1 (N.D. Ill. June 27, 1997) (quoting *Brock v. Tolkow*, 109 F.R.D. 116, 119 (E.D.N.Y. 1985)) (internal quotation marks omitted).

Bank of America challenges Counterplaintiffs' contention that the multiple factors the Court must consider in this case are adequately captured by three interests: (1) the parties', (2) the Court's, and (3) the public's interest. Rather, as Bank of America correctly points out, this Court has previously identified *six factors* that courts must consider when determining whether to stay a civil case based on the pendency of a similar criminal proceeding. The relevant factors dictated by case law are:

(1) Whether the two actions involve the same subject matter;

(2) Whether the two actions are brought by the government;

(3) The posture of the criminal proceeding;

(4) The effect on the public interests at stake if a stay were to be issued;

(5) The interest of the plaintiffs in proceeding expeditiously with this litigation and the potential prejudice to plaintiffs of a delay; and

(6) The burden that any particular aspect of the proceedings may impose on defendants.

*Cruz*, 1997 WL 370194, at *2; *see also Hollinger Int'l, Inc. v. Hollinger, Inc.*, No. 04 C 698, 2005 U.S. Dist. LEXIS 14437, at *10 (N.D. Ill. July 15, 2005) (identifying the same six factors); *FTC v. Pacific First Benefit, LLC*, 361 F.Supp.2d 751, 755 (2005) (same).

Bank of America argues that, based on this six-factor analysis, Judge Brown ruled correctly that Counterplaintiffs are not entitled to a partial stay. This Court agrees.

First, the strongest case for staying civil proceedings is where the defendant has already been indicted for a serious offense based on the same matter as that in the civil case. *Hollinger*, 2005 U.S. Dist. LEXIS 14437, at *11. Indeed, as this Court has noted in the past, "[i]n cases in which a motion to stay has been denied, there has usually only been a *threat* of indictment of the civil litigants." *Cruz*, 1997 WL 370194, at *3 (emphasis in original). Such is the case here. Counterplaintiffs have not been indicted; they merely speculate that they may be targeted in a criminal investigation.

The speculative nature of the situation in this case raises several other concerns. Because of their vague description of the criminal investigation, Counterplaintiffs are unable to show that the civil case and potential criminal case involve the same subject matter, a prerequisite for a stay. Additionally, the uncertainties surrounding the criminal investigation have apparently led Counterplaintiffs to seek an indefinite stay—ostensibly until they are not the targets of the

criminal investigation. The law does not support such an open-ended stay. *See, e.g.*, *Hollinger*, 2005 U.S. Dist. LEXIS 14437, at *16.

The uncertain duration of the stay Counterplaintiffs request is just one of the reasons Bank of America might suffer prejudice if the Court imposes such a stay. As Judge Brown properly recognized, an indefinite stay provides no assurance that Bank of America would be able to take discovery from Counterplaintiffs before the June 25 discovery cut-off date and would delay Bank of America's pursuit of repayment for their $40 million loan to Counterplaintiffs. More importantly, it would be unfair to impose a one-sided stay that would allow Counterplaintiffs to pursue discovery, while preventing Bank of America from engaging in the discovery necessary to defend against the nine-count counterclaim brought by Counterplaintiffs. Counterplaintiffs' suggestion that Bank of America take discovery from some of the other witnesses listed in their Rule 26(a)(1) disclosures does not cure this prejudice. Bank of America persuasively argues that Counterplaintiffs' suggestion is no substitute for Bank of America's own discovery plan; Bank of America intends to take the most important depositions first and use those depositions to determine the scope and direction of the remaining discovery. A stay would therefore prejudice Bank of America, both by preventing Bank of America from defending against Counterplaintiffs' counterclaim in a timely, efficient manner and by delaying Bank of America's pursuit of the $40 million allegedly owed by Counterplaintiffs.

The Court will briefly address the remaining factors, which all militate against granting a partial stay. First, this is not a case in which the government has brought both criminal and civil actions, raising a danger that the government may use civil discovery to obtain evidence for its criminal prosecution, and in doing so, circumvent the Fifth Amendment right against self-incrimination. *See Cruz*, 1997 WL 370194, at *3. Indeed the government is not even a party in

this case. In terms of the interests of the Court and public, Bank of America notes that both generally favor a speedy resolution of complex cases involving financial institutions. *See Hollinger*, 2005 U.S. Dist. LEXIS 14437, at *26. Finally, Counterplaintiffs have not shown that the harm they would suffer in the absence of a stay is anything greater than that of facing the (perhaps uncomfortable, but constitutionally permissible) dilemma of choosing whether to assert or waive their Fifth Amendment rights against self-incrimination.

Under the six factors the Court is required to consider in this case, Counterplaintiffs are not entitled to a partial stay. Counterplaintiffs are unable to show that Judge Brown's denial of their motion for a partial stay was "contrary to law and clearly erroneous," and therefore their objection is OVERRULED.

## II. Counterplaintiffs' Alternative Motion to Stay Discovery

In the alternative, Counterplaintiffs move to stay all discovery until either the criminal investigation has concluded, or the Veluchamys have been informed in writing that they are not targets of this investigation. Counterplaintiffs claim that a stay will resolve their Fifth Amendment concerns without unduly prejudicing Bank of America's ability to defendant against Counterplaintiffs' counterclaim. According to Counterplaintiffs, neither the Court's interest in moving this case forward nor the public interest militate against a stay.

As Bank of America correctly notes, Counterplaintiffs did not request a blanket stay below. Therefore, they cannot do so here. *See, e.g.*, *Int'l Oil, Chem. & Atomic Workers v. The Uno-Ven Co.*, No. 97 C 2663, 1998 U.S. Dist. LEXIS 2379, at *5 (N.D. Ill. Feb. 20, 1998); *Forum Ins. Ranger Ins. Co.*, No. 88 C 2458, 1992 U.S. Dist. LEXIS 19173, at *5 (N.D. Ill. Dec. 14, 1992). Moreover, a blanket stay, with its attendant delays, would not cure the unfair prejudice that Bank of America would suffer, as discussed above.

Therefore, Counterplaintiffs' alternative motion to stay all discovery is DENIED.

## III. Counterplaintiffs' February 17 Objection

On February 17, 2010, Counterplaintiffs filed a second Rule 72 objection challenging Magistrate Judge Brown's February 3, 2010 ruling compelling the deposition of Arun Veluchamy, who apparently was not covered by Counterplaintiffs' prior objection. In this second objection, Counterplaintiffs also bring to the Court's attention that: (1) the FDIC has issued subpoenae to all three Veluchamys, which Counterplaintiffs claim indicates that they may be drawn into criminal investigations, and (2) although they have not yet been deposed, both Pethinaidu and Parameswari Veluchamy have provided written responses to discovery in which they assert their Fifth Amendment privileges against self-incrimination.

Bank of America opposes Counterplaintiffs' second objection for all of the same reasons it opposes their first objection. Additionally, Bank of America correctly points out that Counterplaintiffs' second objection is moot because Arun Veluchamy has already submitted to a deposition during which he asserted his Fifth Amendment right. Accordingly, Counterplaintiffs' objection is OVERRULED.

## IV. Counterplaintiffs' March 25 Objection

Through their third objection, Counterplaintiffs take issue with the breadth of Bank of America's 30(b)(6) notice regarding its deposition of First Mutual. On February 25, 2010, First Mutual provided Counterplaintiffs with a notice stating that First Mutual's 30(b)(6) representative shall be prepared to testify as to: "(1) The factual allegations contained in First Mutual's Answer, Affirmative Defenses And Counterclaims, filed in this matter on or about October 13, 2009" and

"(2) The answers to the interrogatories contained in Bank of America's First Set of

Interrogatories Directed To Defendnats-Counterplaintiffs." (Mar. 3 Objection, Dkt. 107, Ex. A, 2.) When counsel for Counterplaintiffs expressed concern that these categories of examination were too broad, (*id.* at Ex. B,) Bank of America responded by designating 18 specific categories it planned to address, though it conceded that the 30(b)(6) deposition would not necessarily be limited to those categories (*see id.* at Ex. C).

When the parties appeared before Magistrate Judge Brown on March 17, 2010, Counterplaintiffs argued that Bank of America's 30(b)(6) notice was impermissibly broad and failed to conform to Rule 30(b)(6)'s requirement that a deposition notice directed to an organization "describe with reasonable particularity" the matters for examination. Judge Brown rejected Counterplaintiffs' argument. In doing so, she explained that Bank of America's notice is comparable in terms of specificity to most 30(b)(6) notices. (*Id.* at Ex. D, 3/17/10 Tr. 14.) Judge Brown placed particular emphasis on the fact that the topics Bank of America plans to address during First Mutual's 30(b)(6) deposition all relate to Counterplaintiffs' counterclaim. (*Id.* at 14-15, 22-23.)

In the instant objection, Counterplaintiffs argue that Judge Brown's ruling was "contrary to law and clearly erroneous." Counterplaintiffs claim that their request for specific notice as to the topics Bank of America plans to cover in its 30(b)(6) deposition of First Mutual is particularly relevant because none of the officers, directors, or managing agents of First Mutual are in a position to testify on First Mutual's behalf; they would all take the Fifth. Therefore, First Mutual needs to prepare another individual to serve as its 30(b)(6) representative.

This Court overrules Counterplaintiffs' objection. Bank of America responded to Counterplaintiffs' initial concern about the breadth of its 30(b)(6) notice by listing 18 specific topics for its deposition of First Mutual. Counterplaintiffs present no case law either to support

its argument that Bank of America's notice was insufficient, or to establish that Rule 30(b)(6)'s

"reasonable particularlity" requirement is somehow heightened when an organization's officers,

directors, and managing agents all plan to assert their individual Fifth Amendment rights against

self-incrimination.  Moreover, the fact that Bank of America is simply trying to defend against

Counterplaintiffs' nine-count counterclaim is especially relevant; it is only fair that First Mutual

provide a 30(b)(6) representative capable of testifying about the factual bases of its own claims

against Bank of America.  Counterplaintiffs cannot demonstrate that Judge Brown's ruling was

"contrary to law and clearly erroneous," and their objection is therefore OVERRULED.

## CONCLUSION

For the reasons stated above, Counterplaintiffs' there objections to Magistrate Judge

Brown's rulings are OVERRULED, and their alternative motion to stay all discovery in this case

is DENIED.


Enter:
/s/ David H. Coar

_____

David H. Coar
United States District Judge


**Dated:** April 26, 2010