IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

Bank of America, N.A.,            )
Successor to LaSalle Bank,        )
National Association,             )
a national banking association,   )
                                  )
          Plaintiff,              )
                                  )
     v.                           )    No. 09 C 5108
                                  )
First Mutual Bancorp of Illinois, )
Inc., and Pethinaidu Veluchamy,   )
                                  )
          Defendant.              )
_____)
                                  )
Bank of America, N.A.,            )
Successor to LaSalle Bank,        )
National Association              )
a national banking association,   )
                                  )
          Plaintiff,              )
                                  )
     v.                           )    No. 09 C 5109
                                  )
Pethinaidu Veluchamy and          )
Parameswari Veluchamy,            )
                                  )
          Defendants.             )

                 MEMORANDUM OPINION AND ORDER

     In consequence of citation proceedings brought by judgment creditor Bank of America, N.A. ("Bank") to enforce judgments entered in these actions, which have since been assigned to this Court's calendar for post-judgment proceedings on the departure of its colleague Honorable David Coar, counsel for three individuals -- Rajiv Parthasarathy, Jaganath Naidu and Vasudevaki Naidu -- have filed petitions seeking to intervene on the predicate that they own judgments entitling them to priority in

reaching assets of one of the judgment debtors. In the course of that effort, counsel for the prospective intervenors contended that the Rooker-Feldman doctrine precluded Bank and its counsel from seeking to challenge the bona fides of the intervenors' judgment.

Of course this Court has long been familiar with Rooker-Feldman and the limitations that doctrine poses on the jurisdiction of lower federal courts -- it has often had occasion to reject attempted collateral attacks on state court judgments because the sole federal forum available for that purpose is the United States Supreme Court. But the argument advanced by the putative intervenors' counsel was so strongly counterintuitive[1] that it assigned one of its law clerks to look into the matter.

It took about five minutes' search to turn up the five-year old per curiam opinion of the Supreme Court in Lance v. Dennis, 546 U.S. 459 (2006), which clearly signaled what was to come by this opening sentence (*id*. at 460):

> The Rooker-Feldman doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005).

And unsurprisingly, after explaining that "our cases since

---

[1] Just how and through what avenue could a stranger to the state court judgment challenge it on the basis that its circumstances suggested the absence of bona fides?

Feldman have tended to emphasize the narrowness of the Rooker-Feldman rule" (*id.* at 464), the Court went on with this holding (citing Johnson v. DeGrandy, 512 U.S. 997, 1006 (1994) that plainly sounded the death knell for the contention advanced here by the prospective intervenors' counsel:

> In Exxon Mobil, decided last Term, we warned that the lower courts have at times extended Rooker-Feldman "far beyond the contours of the Rooker and Feldman cases, overriding Congress' conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts, and superseding the ordinary application of preclusion law pursuant to 28 U.S.C. § 1738." 544 U.S., at 283. Rooker-Feldman, we explained, is a narrow doctrine, confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S. at 284.
>
> Although we have never addressed the precise question before us, we have held Rooker-Feldman inapplicable where the party against whom the doctrine is invoked was not a party to the underlying state-court proceeding.

In brief, there is simply no way in which counsel could have advanced her Rooker-Feldman-based argument in the objective good faith demanded of every lawyer under Fed.R.Civ.P. 11(b). And although this Court exercises every effort to avoid the phenomenon of infectious invalidity, lawyers should understand that such groundless arguments can tend to instill a lack of confidence on other arguments that on their own terms would appear to merit serious consideration.

_____
Milton I. Shadur
Senior United States District Judge

Dated:    February 1, 2011

3