IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
BANK OF AMERICA, N.A., etc.,      )
                                  )
            Plaintiff and         )
       Counterdefendant,          )
                                  )
       v.                         )    No.  09 C 5108
                                  )
FIRST MUTUAL BANCORP OF           )
ILLINOIS, INC., et al.,           )
                                  )
            Defendants and        )
       Counterplaintiffs.         )
_____)
                                  )
BANK OF AMERICA, N.A., etc.,      )
                                  )
            Plaintiff and         )
       Counterdefendant,          )
                                  )
       v.                         )    No.  09 C 5109
                                  )
PETHINAIDU VELUCHAMY, et al.,     )
                                  )
            Defendants and        )
       Counterplaintiffs.         )
```

MEMORANDUM OPINION AND ORDER

This Court inherited these cases via reassignment earlier this year, following the December 31 departure of its colleague Honorable David Coar from our District Court.  That was a post-judgment reassignment, for on December 29 Judge Coar had issued a memorandum opinion and order granting summary judgment to plaintiff Bank of America ("Bank") in both cases--hence it then seemed most likely that the only activity this Court would be called on to monitor would be Bank's collection efforts to realize on its judgments in excess of $40 million.

Those expectations were initially defeated when an intervenor cropped up, asserting priority for a smaller (though also multimillion dollar) judgment against certain of the judgment debtors in these actions. Now the judgment debtors themselves have further complicated matters by moving under Fed. R. Civ. P. ("Rule") 59(e) to torpedo the summary judgment entered by Judge Coar. This Court will deal with the first of those subjects when the facts needed to determine priority have been developed, but this memorandum opinion and order addresses the Rule 59(e) motion.

It should first be noted that no law-of-the-case principle requires consideration here. That doctrine does not apply when the issue is whether one district judge's opinion should foreclose consideration by another district judge (contrast the usual law-of-the-case situation, where an appellate court's determination is of course not open to later reconsideration by a district judge).

That means this Court is not legally precluded from an examination of Judge Coar's opinion and ruling. But that said, it is important to recognize at the outset the limited function of a motion for reconsideration such as that advanced by the judgment debtor defendants here. As our Court of Appeals has explained in United States v. Ligas, 549 F.3d 497, 501-02 (7th Cir. 2008):

> A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it. See Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990).

And Bank of Waunakee in turn had quoted an opinion by the late District Judge Dortch Warriner reproduced in the following second-indented language:

> A motion for reconsideration performs a valuable function where
>
> > the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.[1]

Whatever else may be said about defendants' motion (and that's not much), one need do no more than to read Judge Coar's opinion to recognize that it does not run afoul of the Ligas-Bank of Waunakee-Above the Belt test. Defendants may and do disagree with Judge Coar's adverse ruling, but he had unquestionably

---

[1] [Footnote by this Court] This Court has quoted that felicitous language by Judge Warriner innumerable times, so much so that it knows both the case name (Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.) and citation (99 F.R.D. 99, 101 (E.D. Va. 1983)) by heart--hardly an impressive feat of memory, in light of the unique case name and the hardly forgettable citation.

3

understood their counsel's arguments fully (and had found them totally wanting), and his decision was squarely within the parties' presentation of the adversarial issues--no "misapprehension" was even arguably involved.

It is to be regretted that defense counsel's argument has stooped to snide suggestions that Judge Coar gave their clients short shrift in order to get the case resolved under the pressures of his departure (Defendants' Motion at 10 charges Judge Coar with a failure to mention one aspect of their summary judgment argument "appear[ing] to have ignored it in his effort to resolve the case before leaving the Bench," and the next page of the motion then follows that insult with a charge of his having engaged in a "rush to judgment"). To the contrary, Bank's response to the current motion cites chapter and verse to show Judge Coar's full familiarity with the case and careful attention to the issues, and that is amply demonstrated by his thoughtful opinion.

On that score Judge Coar pointed to the unambiguous language of waiver contained in the document that defendants signed in exchange for Bank's May 2009 forbearance from exercising its then-existing right to call the loans that were then in default (emphasis added):

> [T]here exists no offsets, counterclaims or defenses to payment or performance of the obligations set forth in its Loan Documents and, in consideration hereof, expressly waives any and all such offsets,

4

>   counterclaims, and <u>defenses arising out of any alleged acts, transactions, or omissions on the part of Bank arising or otherwise relating to the period on or prior to the Amendment effective Date</u>.

That unequivocal language puts the lie to defendants' current argument that their promise lacked the voluntariness required of a waiver.[2]

Indeed, even if the mental reservations now asserted by defendants--reservations without legal effect because uncommunicated to the Bank (see n.2)--were somehow to be credited, defendants' execution of the document containing the above-quoted language would trigger a <u>forfeiture</u> of the mentally reserved affirmative defenses, a principle that would cut the legs out from under any claim of involuntariness. Hence defendants would be impaled on the other horn of the contractual dilemma.

Defendants' other attempted argument is equally without merit. Judge Coar gave thorough consideration to the effect of defendants' invocation of the Fifth Amendment (see pages 9 and 10 of his summary judgment opinion). Once again, even though the

---

[2] Black letter law, learned as far back as Contracts 101, teaches that mental reservations or qualifications that may be harbored by a contracting party but that are not made known to the other party cannot be invoked to alter or undercut the express terms of an unambiguous written contract (see, e.g., <u>Vill. of S. Elgin v. Waste Mgmt. of Ill., Inc.</u>, 348 Ill.App.3d 929, 941, 810 N.E.2d 658, 670 (2d Dist. 2004)). Whether placed under the rubric of the parol evidence rule or otherwise, that principle is an essential component of the objective approach to the law of contracts. So "waiver" it is.

5

posture of the case and of defendants' motion does not require this Court to consider whether it should second-guess Judge Coar's rulings on the merits as an independent matter, its review of Judge Coar's opinion and ruling leads to the same destination.

### Conclusion

This opinion could have been written in much briefer compass, resting on the unsoundness of the current motion under the principles stated at the outset. But it has gone on to speak of Judge Coar's rulings on the merits as well. In sum, either approach is fatal to defendants' Rule 59(e) motion, and together they spell double doom for defendants' proposed do-over. Defendants' motion (Dkt. 241 in Case No. 09 C 5108 and Dkt. 226 in Case No. 09 C 5109) is denied.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 23, 2011