```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

BANK OF AMERICA, N.A., etc.,     )
                                 )
              Plaintiff and      )
           Counterdefendant,     )
                                 )
     v.                          )    No.  09 C 5108
                                 )
FIRST MUTUAL BANCORP OF          )
ILLINOIS, INC., et al.,          )
                                 )
              Defendants and     )
           Counterplaintiffs.    )
_____)
                                 )
BANK OF AMERICA, N.A., etc.,     )
                                 )
              Plaintiff and      )
           Counterdefendant,     )
                                 )
     v.                          )    No.  09 C 5109
                                 )
PETHINAIDU VELUCHAMY, et al.,    )
                                 )
              Defendants and     )
           Counterplaintiffs.    )
```

MEMORANDUM

On April 12, 2011 this Court received in chambers, delivered here by the United States Postal Service, a plain white envelope addressed to this Court but reflecting no identification of the sender or any return address, and having attached to it an excess amount of postage that did not appear to be stamped as having been cancelled.[1]  That envelope contained a one-page unsigned letter dated April 7 and a number of attachments:

---

[1] Despite that absence of cancellation, there is no question that the document arrived through the mails and not by personal delivery.

1.   Case Information Summary for Case No. 2010-L-013628 from the Circuit Court of Cook County;

   2.   Case Information Summary for Case No. 2010-L-013627 from the Circuit Court of Cook County; and

   3.   a replica of this Court's three page memorandum opinion and order dated February 1, 2011, the first page of which also contained a typewritten "Doc. 254" in the upper right-hand corner and a typewritten "Dockets.Justia.com" in the lower right-hand corner, both of which notations had not been part of the original opinion.

To avoid any problems of this Court having received and read an ex-parte communication, even from an unidentified source, this Court immediately caused its minute clerk to arrange for counsel for the parties to appear in court at 8:30 a.m. April 13. All counsel in the case appeared: Vincent Connolly, Esq. on behalf of plaintiffs, Thomas McQueen, Esq. and Robert Cheifetz, Esq. on behalf of defendants and Terence Banich, Esq. on behalf of intervenors. This Court delivered a copy of the letter and its attachments to each counsel and is causing each of those documents to be filed of record in both lawsuits along with this memorandum.

_____
Milton I. Shadur
Senior United States District Judge

Date:  April 14, 2011

April, 7, 2011

Honorable Milton I. Shadur
Senior United States District Judge
In the United States District Court
For the Northern District of Illinois
Eastern Division

Your Honor:

The Defendant's in cases No. 09 C 5108 and 09 C 5109 are related to the Plaintiffs in Cook County Circuit Court cases 2010-L-01362 and 2010-L-013627. Both those cases were filed on 12/1/2010 and judgments for plaintiffs were issued two days later, on 12/3/2010. Also in both Cook County cases the Defendant's paid for the plaintiffs counsel and filing fees for the cases.



*Dorothy Brown*
# Clerk *of the* Circuit Court
*Cook County*

Case Information Summary for Case Number
2010-L-013628

Filing Date: 12/1/2010
Division: Law Division
Ad Damnum: $1517366.00

Case Type: CONTRACT
District: First Municipal
Calendar: T

## Party Information

| Plaintiff(s) | Attorney(s) |
|---|---|
| NAIDU JAGANATH | SHAW GUSSIS FISHMAN GLANT<br>321 N CLARK ST S-800<br>CHICAGO IL, 60610<br>(312) 541-0151 |
| NAIDU VASUDEVAKI | |

| Date of Service | Defendant(s) | Attorney(s) |
|---|---|---|
| | VELUCHAMY PETHINAIDU | MCQUEEN THOMAS K<br>321 S PLYMOUTH COURT<br>CHICAGO IL, 60604<br>(312) 360-5025 |

## Case Activity

Activity Date: 12/1/2010                     Participant: NAIDU JAGANATH

CONTRACT COMPLAINT FILED

Court Fee: 334.00
Ad Damnum Amount: 1517366.00

Attorney: SHAW GUSSIS FISHMAN GLANT

Activity Date: 12/1/2010          Participant: NAIDU JAGANATH

DOCUMENT SCANNED

Attorney: SHAW GUSSIS FISHMAN GLANT

Activity Date: 12/1/2010          Participant: NAIDU VASUDEVAKI

DOCUMENT SCANNED

Attorney: SHAW GUSSIS FISHMAN GLANT

Activity Date: 12/1/2010          Participant: NAIDU JAGANATH

CASE SET ON INDIVIDUAL CALENDAR

Activity Date: 12/2/2010          Participant: VELUCHAMY PETHINAIDU

APPEARANCE FILED - FEE PAID -

Court Fee: 203.00          Attorney: MCQUEEN THOMAS K

Activity Date: 12/2/2010          Participant: VELUCHAMY PETHINAIDU

APPEARANCE FILED - FEE PAID -

Court Fee: 203.00          Attorney: MCQUEEN THOMAS K

Activity Date: 12/2/2010          Participant: VELUCHAMY

JUDGMENT FOR PLAINTIFF

Judgment Amount: 1517367.00          Judge: PIERCE, DANIEL J
Microfilm: LD000663733

Activity Date: 12/2/2010          Participant: NAIDU JAGANATH

ORDER SCANNED

Microfilm: LD000663733

Activity Date: 12/3/2010          Participant: NAIDU JAGANATH

CITATION TO DISCOVER ASSETS ISSUED

Court Fee: 80.00          Attorney: SHAW GUSSIS FISHMAN GLANT

Activity Date: 12/3/2010          Participant: NAIDU JAGANATH

MOTION SPINDLED



*Dorothy Brown*
# Clerk *of the* Circuit Court
*Cook County*

Case Information Summary for Case Number
2010-L-013627

Filing Date: 12/1/2010  
Division: Law Division  
Ad Damnum: $1263134.00  

Case Type: CONTRACT  
District: First Municipal  
Calendar: S  

## Party Information

| | **Plaintiff(s)** | **Attorney(s)** |
|---|---|---|
| | PARTHASARATHY RAJIV | SHAW GUSSIS FISHMAN GLANT |
| | | 321 N CLARK ST S-800 |
| | | CHICAGO IL, 60610 |
| | | (312) 541-0151 |

| **Date of Service** | **Defendant(s)** | **Attorney(s)** |
|---|---|---|
| | VELUCHAMY PETHINAIDU | MCQUEEN THOMAS K |
| | | 321 S PLYMOUTH COURT |
| | | CHICAGO IL, 60604 |
| | | (312) 360-5025 |

## Case Activity

Activity Date: 12/1/2010     Participant: PARTHASARATHY RAJIV

CONTRACT COMPLAINT FILED

Court Fee: 334.00  
Ad Damnum Amount: 1263134.00  

Attorney: SHAW GUSSIS FISHMAN GLANT

Activity Date: 12/1/2010     Participant: PARTHASARATHY RAJIV

DOCUMENT SCANNED

    Attorney: SHAW GUSSIS FISHMAN GLANT
    Microfilm: LD000000000

Activity Date: 12/1/2010      Participant: PARTHASARATHY RAJIV

DOCUMENT SCANNED

    Attorney: SHAW GUSSIS FISHMAN GLANT
    Microfilm: LD000000000

Activity Date: 12/1/2010      Participant: PARTHASARATHY RAJIV

CASE SET ON STATUS CALL

Date: 3/31/2011      Judge: PRESTON, LEE
Court Time: 0930      Microfilm: LD000000000

Activity Date: 12/1/2010      Participant: PARTHASARATHY RAJIV

CASE SET ON INDIVIDUAL CALENDAR

    Judge: MADDUX, WILLIAM
    Microfilm: LD000000000

Activity Date: 12/2/2010      Participant: VELUCHAMY PETHINAIDU

APPEARANCE FILED - FEE PAID -

Court Fee: 203.00      Attorney: MCQUEEN THOMAS K

Activity Date: 12/2/2010      Participant: VELUCHAMY PETHINAIDU

APPEARANCE FILED - FEE PAID -

    Attorney: MCQUEEN THOMAS K

Activity Date: 12/3/2010      Participant: PARTHASARATHY RAJIV

CITATION TO DISCOVER ASSETS ISSUED

Court Fee: 80.00      Attorney: SHAW GUSSIS FISHMAN GLANT
    Microfilm: LD000000000

Activity Date: 12/3/2010      Participant: PARTHASARATHY RAJIV

MOTION SPINDLED

Date: 1/12/2011      Attorney: SHAW GUSSIS FISHMAN GLANT

Court Time: 0930  Microfilm: LD000000000

Activity Date: 12/3/2010  Participant: PARTHASARATHY RAJIV

DOCUMENT SCANNED

Attorney: SHAW GUSSIS FISHMAN GLANT

Activity Date: 12/3/2010  Participant: VELUCHAMY PETHINA

JUDGMENT FOR PLAINTIFF

Judgment Amount: 1263134.00  Judge: PRESTON, LEE
Microfilm: LD000671368

Activity Date: 12/3/2010  Participant: PARTHASARATHY RAJIV

ORDER SCANNED

Microfilm: LD000671368

Activity Date: 12/13/2010  Participant: NAIDU JAGANATH

CERTIFICATE FILED

Attorney: SHAW GUSSIS FISHMAN GLANT

Activity Date: 12/13/2010  Participant: NAIDU JAGANATH

EXHIBITS FILED

Attorney: SHAW GUSSIS FISHMAN GLANT

Activity Date: 12/13/2010  Participant: NAIDU JAGANATH

NOTICE OF FILING FILED

Attorney: SHAW GUSSIS FISHMAN GLANT

Activity Date: 1/12/2011  Participant: VELUCHAMY

FILE AMENDMENT OR ADDITIONAL OR AMENDED PLEADINGS - ALLOWED -

Date: 1/19/2011  Judge: WHITE, ALEXANDER P
Microfilm: LD000032479

Activity Date: 1/12/2011  Participant: NAIDU

Bank of America, N.A. v. First Mutual Bancorp of Illinois, Inc. et al                                                Doc. 254

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Bank of America, N.A., )
Successor to LaSalle Bank, )
National Association, )
a national banking association, )
 )
         Plaintiff, )
 )
v. ) No. 09 C 5108
 )
First Mutual Bancorp of Illinois, )
Inc., and Pethinaidu Veluchamy, )
 )
         Defendant. )
_____ )
 )
Bank of America, N.A., )
Successor to LaSalle Bank, )
National Association )
a national banking association, )
 )
         Plaintiff, )
 )
v. ) No. 09 C 5109
 )
Pethinaidu Veluchamy and )
Parameswari Veluchamy, )
 )
         Defendants. )

MEMORANDUM OPINION AND ORDER

In consequence of citation proceedings brought by judgment creditor Bank of America, N.A. ("Bank") to enforce judgments entered in these actions, which have since been assigned to this Court's calendar for post-judgment proceedings on the departure of its colleague Honorable David Coar, counsel for three individuals -- Rajiv Parthasarathy, Jaganath Naidu and Vasudevaki Naidu -- have filed petitions seeking to intervene on the predicate that they own judgments entitling them to priority in

Dockets.Justia.com

reaching assets of one of the judgment debtors. In the course of that effort, counsel for the prospective intervenors contended that the Rooker-Feldman doctrine precluded Bank and its counsel from seeking to challenge the bona fides of the intervenors' judgment.

Of course this Court has long been familiar with Rooker-Feldman and the limitations that doctrine poses on the jurisdiction of lower federal courts -- it has often had occasion to reject attempted collateral attacks on state court judgments because the sole federal forum available for that purpose is the United States Supreme Court. But the argument advanced by the putative intervenors' counsel was so strongly counterintuitive[1] that it assigned one of its law clerks to look into the matter.

It took about five minutes' search to turn up the five-year old per curiam opinion of the Supreme Court in Lance v. Dennis, 546 U.S. 459 (2006), which clearly signaled what was to come by this opening sentence (id. at 460):

> The Rooker-Feldman doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005).

And unsurprisingly, after explaining that "our cases since

---

[1] Just how and through what avenue could a stranger to the state court judgment challenge it on the basis that its circumstances suggested the absence of bona fides?

2

Feldman have tended to emphasize the narrowness of the Rooker-Feldman rule" (id. at 464), the Court went on with this holding (citing Johnson v. DeGrandy, 512 U.S. 997, 1006 (1994) that plainly sounded the death knell for the contention advanced here by the prospective intervenors' counsel:

> In Exxon Mobil, decided last Term, we warned that the lower courts have at times extended Rooker-Feldman "far beyond the contours of the Rooker and Feldman cases, overriding Congress' conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts, and superseding the ordinary application of preclusion law pursuant to 28 U.S.C. § 1738." 544 U.S., at 283. Rooker-Feldman, we explained, is a narrow doctrine, confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S. at 284.
>
> Although we have never addressed the precise question before us, we have held Rooker-Feldman inapplicable where the party against whom the doctrine is invoked was not a party to the underlying state-court proceeding.

In brief, there is simply no way in which counsel could have advanced her Rooker-Feldman-based argument in the objective good faith demanded of every lawyer under Fed.R.Civ.P. 11(b). And although this Court exercises every effort to avoid the phenomenon of infectious invalidity, lawyers should understand that such groundless arguments can tend to instill a lack of confidence on other arguments that on their own terms would appear to merit serious consideration.

                                     */s/ William D. Shadur*
                                     Milton I. Shadur
                                     Senior United States District Judge

Dated:     February 1, 2011