IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BANK OF AMERICA, N.A., SUCCESSOR TO LASALLE BANK, NATIONAL ASSOCIATION, a national banking association,<br>    *Plaintiff,*<br>v.<br><br>FIRST MUTUAL BANCORP OF ILLINOIS, INC., and PETHINAIDU VELUCHAMY,<br>    *Defendants.* | Case No. 2009-CV-05108<br><br>Hon. Milton I. Shadur |
| BANK OF AMERICA, N.A., SUCCESSOR TO LASALLE BANK, NATIONAL ASSOCIATION, a national banking association,<br>    *Plaintiff,*<br>v.<br><br>PETHINAIDU VELUCHAMY and PARAMESWARI VELUCHAMY,<br>    *Defendants.* | Case No. 2009-CV-05109<br><br>Hon. Milton I. Shadur |

## MODIFIED PROTECTIVE ORDER

IT IS HEREBY ORDERED pursuant to Fed. R. Civ. P. 26(c) and Local Rule 26.2 that the following provisions shall govern the production and handling of information exchanged by the parties and Third Parties, as defined below, throughout these supplemental proceedings.

### DEFINITIONS

1. "Confidential Material" is material the disclosure of which is likely to cause substantial harm to the Designating Party's business, competitive, or privacy interests, and shall comprise the following:

(a) personal identity information such as social security numbers and individual bank account numbers;

(b) trade secrets, financial, banking, proprietary, and commercial information (including loan files, customer information, compensation information), or information protected by 205 ILCS 5/48.1 and 48.3;

(c) confidential deliberations of parties, their employees, committees, or board;

(d) other private information that, if disclosed, likely would cause substantial harm to a person, such as bank account statements and income tax returns.

Such information is entitled to protection as Confidential Material in light of business, commercial, and privacy concerns and state and federal banking regulations regarding confidentiality.

2. "Attorneys Eyes Only Material" is limited to information meeting the definition of "Confidential Material" and that if disclosed to non-legal personnel employed or affiliated with the requesting entity would provide a commercial advantage to the requesting party or a commercial disadvantage to the producing party or a third party.

3. "Fifth Amendment Material" is limited to documents or portions of documents subject to the act of production privilege such that the Designating Party's mere possession of the document (as opposed to the content of the document) may be incriminating. Prior to production of a document, or for documents already produced, within 14 days of the date of this order, the Designating Party shall specifically designate the portions of any document (or the entire document if applicable) it considers "Fifth Amendment Material," and the basis for the invocation of the Fifth Amendment privilege as to those portions, and such Fifth Amendment Material shall not be placed in the public record until further order of the Court. Notwithstanding the foregoing, no document previously produced, testimony previously given, or prior assertion of the a Fifth Amendment privilege shall be designated as Fifth Amendment Material with respect to the FDIC.

4. "Third Party" or "Third Parties" as used herein refers to citation respondents and subpoena respondents that have produced documents in connection with these supplemental proceedings. This definition, however, is intended for convenience only and is not intended to address the ultimate status of any such citation or subpoena respondents.

5. "Designating Party" as used herein refers to the party or Third Party that marks particular documents as "Confidential," "Attorneys Eyes Only," and/or "Fifth Amendment."

## DESIGNATION OF MATERIALS AS CONFIDENTIAL, ATTORNEYS EYES ONLY, OR FIFTH AMENDMENT

6. Confidential Material shall be so designated by marking the document with the language "Confidential." Attorneys Eyes Only Material shall be so designated by marking the document with the language "Attorneys Eyes Only." Fifth Amendment Material shall be so designated by marking the document with the language "Fifth Amendment." The party or Third Party wishing to designate a document as "Confidential," "Attorneys Eyes Only," or "Fifth Amendment" is responsible for marking the document appropriately and providing marked copies of the document to counsel of record.

7. Documents shall not be marked "Confidential," "Attorneys Eyes Only," or "Fifth Amendment" unless counsel believes in good faith that the criteria for such a designation are met. The designation of material as "Confidential," "Attorneys Eyes Only," or "Fifth Amendment" pursuant to the terms of this Order shall constitute a verification of counsel making such designation that the material has been reviewed for compliance with the criteria of this Order and that the designation "Confidential," "Attorneys Eyes Only," or "Fifth Amendment" is, in the good faith judgment of counsel, consistent with the terms of this Order. Documents previously marked "Confidential" or "Attorneys Eyes Only" shall be reviewed by the Designating Party for compliance with this requirement, and the Designating Party shall cause any incorrect designation to be removed

and shall re-produce any affected documents with the correct designation within fourteen (14) days of the entry of this order.

8. At any time, any party, Third Party, or interested member of the public that (a) believes a Designating Party has unreasonably marked certain material as "Confidential," "Attorneys Eyes Only," or "Fifth Amendment," or (b) seeks disclosure of such designated material to itself or persons other than those permitted by this Order, may request that the designation be modified or withdrawn by writing to the Designating Party. If the Designating Party does not agree to re-designation or approval of the requested disclosure within seven (7) days of receipt of the written request (or within a shorter time period with leave of the court or by agreement of the parties), the requesting party may apply to the Court for relief and the Designating Party shall bear the burden of establishing its need for treatment of the information as Confidential Material, Attorneys Eyes Only Material, and/or Fifth Amendment Material under the terms of this Order. Pending agreement of the parties to remove a designation pursuant to paragraph 7 or the Court's determination of the application, the "Confidential," "Attorneys Eyes Only," and/or "Fifth Amendment" designation shall be maintained.

9. Parties may, within fourteen (14) days after receipt of the transcript from a deposition, designate in writing to all parties any pages of that deposition transcript containing "Confidential" or "Attorneys Eyes Only" information under the terms of the Order. Access to the portion of any deposition transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the fourteen (14) day period, the entire deposition transcript will be treated as Confidential Material.

10. The failure to designate material as "Confidential," "Attorneys Eyes Only," and/or "Fifth Amendment" in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a subsequent motion seeking to impose such designation or

challenging the propriety of such a designation.

## TREATMENT OF CONFIDENTIAL, ATTORNEYS EYES ONLY, AND FIFTH AMENDMENT MATERIAL

11. Confidential Material may be disclosed only to the following persons, except upon order of the Court or prior written consent of the producing party:

(a) outside counsel of record for the parties and employees of such counsel assigned to and necessary to assist in the conduct of this action;

(b) in-house counsel engaged in the conduct of this action;

(c) the parties and their officers, directors and employees and former employees, to the extent necessary for the conduct of this action;

(d) consultants and experts retained for the purpose of this litigation, to the extent necessary for the conduct of this action, subject to all of the terms and conditions of this Order and provided that such consultants and experts are made aware of and agree to abide by the terms of this Order;

(e) commercial copy services, e-discovery vendors, graphics or trial preparation consultants and the like hired by and assisting outside counsel for a party;

(f) the Court, the Bankruptcy Court for the Northern District of Illinois, the Bankruptcy Court for the District of Delaware, court personnel, the jury, and court reporters and videographers;

(g) the FDIC, the Department of Justice/United States Attorney's Office, and the Chapter 7 Trustee (interim or otherwise) (the "Chapter 7 Trustee") in *In re Veluchamy*, Case No. 11 B 33413 (Bankr. N.D. Ill.) (the "Illinois Bankruptcy"), as set forth below in paragraphs 18, 20, and 21, respectively.

12. Attorneys Eyes Only Material and Fifth Amendment Material may be disclosed only to the following persons, except upon order of the Court or prior written consent of the producing party:

(a) outside counsel of record for the parties and employees of such counsel assigned to and necessary to assist in the conduct of this action;

(b) in-house counsel engaged in the conduct of this action to the extent such disclosure is necessary to conduct of the action;

(c) consultants and experts retained for the purpose of this litigation, to the extent necessary for the conduct of this action, subject to all of the terms and conditions of this Order and provided that such consultants and experts are made aware of and agree to abide by the terms of this Order;

(d) commercial copy services, e-discovery vendors, graphics or trial preparation consultants and the like hired by and assisting outside counsel for a party;

(e) the Court, the Bankruptcy Court for the Northern District of Illinois, the Bankruptcy Court for the District of Delaware, court personnel, the jury, and court reporters and videographers;

(f) the FDIC, the Department of Justice/United States Attorney's Office, and the Chapter 7 Trustee as set forth below in paragraphs 18, 20, and 21, respectively.

13. Nothing in this Order shall be construed to impair the use or admissibility of any document, material, or information in connection with any judicial or administrative proceeding or at any trial or hearing. Documents, material, or information obtained pursuant to this Order, and properly designated and maintained as Confidential or Attorneys Eyes Only under paragraphs 1, 2, 3, 7, and 8 of this Order, may be filed in courts in accordance with the statutes and rules governing such filing.

14. All persons to whom documents marked as "Confidential," "Attorneys Eyes Only," or "Fifth Amendment" are disclosed in accordance with the terms of this Order (excepting the original parties to this action, the Chapter 7 Trustee, the FDIC and its agents, as described in Paragraph 18, the Department of Justice/United States Attorney's Office, and those designated in paragraphs 11(a)-(c) and (e)-(f) and 12(a)-(b) and (d)-(e)), shall review this order and shall execute a Declaration in the form attached hereto as Exhibit A prior to disclosure of those documents to such person. The parties shall maintain all such Declarations, and after the termination of this action, a party that reasonably believes that protected material was improperly disclosed may request copies of all such Declarations from the other party, setting forth the basis of such belief. Upon such

request, the responding party shall, within twenty (20) days, either deliver the Declarations to the requesting party or apply to the Court for relief from such obligation.

15. Even if a document is marked as "Confidential," "Attorneys Eyes Only," or "Fifth Amendment" this Order does not prohibit the use or disclosure of that document if it is either (a) otherwise publicly available or (b) demonstrably already in the possession of the party receiving the document.

16. Nothing in this Order shall (a) limit any party or person in the use of its own documents and/or information for any purpose or (b) limit any Designating Party from disclosing any documents it designated to any person.

17. The parties to this action, the Chapter 7 Trustee, and any Third Parties (excluding the Department of Justice/United States Attorney's Office and the FDIC) shall only use "Confidential" or "Attorneys Eyes Only" information produced in this action in pre-trial, trial, and post-trial proceeding in this action, in *In re Qualteq, Inc.*, Case No. 11-12572 (KJC) (Bankr. D. Del.) (the "Delaware Bankruptcy"), in the Illinois Bankruptcy, in related bankruptcy actions, or otherwise in connection with, or related to collection of the amended judgments entered on December 30, 2010 in these cases.

18. On June 29, 2011, the Court granted the FDIC's motion for leave to intervene (Dkt. No. 482 (Case No. 5108)) for the limited purpose of obtaining access to discovery materials produced in this case and these post-judgment proceedings, including, but not limited to, access to documents designated as "Confidential" or "Attorneys Eyes Only," sealed court filings, and deposition transcripts. Such access shall be solely on an Attorneys Eyes Only basis, and pending further order of court, may be disclosed only to the following persons, except upon prior written consent of the Designating Party:

(a) outside counsel of record for the FDIC and employees of such counsel assigned to and necessary to assist in the conduct of the FDIC's duties and responsibilities as receiver of Mutual Bank this action and any civil judicial or administrative proceeding to which the FDIC is a party ;

(b) in-house counsel engaged in the conduct of the FDIC's duties and responsibilities as receiver of Mutual Bank;

(c) consultants and experts retained for the purpose of the FDIC's duties and responsibilities as receiver for Mutual Bank in this litigation and any civil judicial or administrative proceeding to which the FDIC is a party, to the extent necessary, subject to all of the terms and conditions of this Order and provided that such consultants and experts are made aware of and agree to abide by the terms of this Order;

(d) commercial copy services, e-discovery vendors, graphics or trial preparation consultants and the like hired by and assisting outside counsel for the FDIC as receiver for Mutual Bank; and

(e) this Court, any other judicial or administrative officer, court personnel, jury, court reporters and videographers in and any civil judicial or administrative proceeding to which the FDIC is a party.

19. Nothing herein shall preclude the FDIC, and its agents and assigns, from using these materials in any civil judicial or administrative proceeding to which the FDIC is a party.

20. On July 25, 2011, the Court granted the motion of the United States for leave to intervene (Dkt. No. 532) (Case No. 5108) for the limited purpose of obtaining access to discovery materials produced in these post-judgment proceedings in connection with its ongoing investigation. The Department of Justice/United States Attorney's Office shall have access to discovery materials produced in these post-judgment proceedings, including but not limited to Confidential Material, Attorneys Eyes Only Material, sealed court filings, and deposition transcripts. Pending further order of court, however, such access shall not include access to "Fifth Amendment Material." Nothing herein precludes the Department of Justice/United States Attorney's Office from providing copies of all documents produced to it to investigating federal agencies or for their use in any subsequent criminal proceeding.

21. The Chapter 7 Trustee shall have access to discovery materials produced in these post-judgment proceedings, including but not limited to Confidential Material, Attorneys Eyes Only Material, sealed court filings, and deposition transcripts. Pending further order of the court, however, such access shall not include access to "Fifth Amendment Material." Nothing herein precludes the Chapter 7 Trustee from providing copies of all documents provided to it to attorneys, agents, consultants, and experts retained for the purpose of assisting the Chapter 7 Trustee in fulfilling the Chapter 7 Trustee's duties and responsibilities in this litigation and any civil judicial or administrative proceeding to which the Chapter 7 Trustee is a party, subject to all of the terms and conditions of this Order and provided that such attorneys, agents, consultants, and experts are made aware of and agree to abide by the terms of this Order. Nothing herein precludes the Chapter 7 Trustee from providing copies of all documents provided to her to investigating federal agencies or for their use in any subsequent criminal proceeding.

22. Nothing contained in this Order shall be construed to prejudice any party's, the Chapter 7 Trustee's, any Third-Party's, or the FDIC's right to use any documents marked as "Confidential," "Attorneys Eyes Only," or "Fifth Amendment" in the taking of testimony at any deposition or examination, provided that such documents may only be disclosed to any person (a) who is indicated on the face of the document or otherwise to be its originator, author, or recipient of a copy of said document, (b) who currently is or formerly was an officer, director, agent or employee of the party or Third Party that produced the document or the Designating Party, (c) other persons entitled to obtain access to Confidential Material or Attorneys Eyes Only Material or Fifth Amendment Material under this Order; (d) where the document is reasonably related to the subject of the deposition; (e) as otherwise agreed to by counsel (on a witness by witness basis); or (f) as authorized by the Court or this Order.

23. Notwithstanding any other provisions of this Order, consistent with the Seventh Circuit's June 21, 2011 Orders in these cases (Dkt. No. 57 in 11-1704 and Dkt. No. 55 in 11-1705), within 21 days of the date of this Order for documents filed prior to this Order, and within 14 days after the date a document is filed under seal or filed in a redacted form for documents filed after the entry of this Order, the parties are to file unsealed, unredacted copies of the document, except that (a) pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, the parties should still redact all but the last four digits of social security numbers and financial account numbers, and (b) properly designated Fifth Amendment Material shall be redacted or maintained under seal. If a party believes that a document has been improperly designated as containing Fifth Amendment Material, paragraph 8 above shall apply.

24. If a party in possession of "Confidential," "Attorneys Eyes Only," or "Fifth Amendment" material receives a civil subpoena or other civil request seeking production or other disclosure of such material, that party shall promptly and in any event before responding, give written notice to counsel of record via email, stating the nature of the request (and, unless prohibited, attaching a copy of the subpoena or other request) and the date and time for proposed production or disclosure. Any party objecting to the production or disclosure shall have the obligation to take timely action in the appropriate court or courts.

25. Insofar as they restrict the communication and use of Confidential Material, the provisions of this Order shall remain in effect and continue to be binding after the conclusion of these proceedings absent written permission of the Designating Party or further order of the Court. Any Court with jurisdiction over this action shall retain such jurisdiction with respect to this Order for purposes of enforcing its terms and conditions. Each person or entity that received or produced any documents marked "Confidential," "Attorneys Eyes Only," or "Fifth Amendment" hereby agrees to subject itself to the jurisdiction of such Court for the purpose of any proceedings relating to the

performance under, compliance with, or violation of this Order.

26. After these supplemental proceedings are finally completed and closed in the District Court, the parties may obtain the return of any documents properly kept under seal pursuant to paragraph 23 by filing a motion within a specified time period after the case is closed in the District Court. Counsel are free to agree on that specified time period, which shall not exceed 63 days from the date the case is closed in any event. Any documents that are not so withdrawn will become part of the public case file. This paragraph does not apply to any demand to the FDIC for the return of documents.

27. This Court recognizes that 11 U.S.C. § 107 governs access to documents and information in a bankruptcy case, and therefore nothing in this Order shall be construed to prevent Confidential Material or Attorneys Eyes Only Material that is included in any filing in the Delaware Bankruptcy or the Illinois Bankruptcy from being disclosed to the pertinent Office of the United States Trustee pursuant to 11 U.S.C. § 107(c)(3).

28. This Order is a modification of the Protective Orders entered in the above-captioned cases on February 19, 2010 by Magistrate Judge Geraldine Soat Brown and on March 16, 2011, by this Court, which orders shall remain in full force and effect with respect to documents and information produced in the underlying cases. This Order applies to disclosures in the post-judgment proceedings in the captioned cases, which commenced on January 14, 2011.

Dated: September 28, 2011

IT IS SO ORDERED:

_____
Milton I. Shadur, District Judge
United States District Court for the
Northern District of Illinois

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BANK OF AMERICA, N.A., SUCCESSOR TO LASALLE BANK, NATIONAL ASSOCIATION, a national banking association, <br><br> Plaintiff, <br> v. <br><br> FIRST MUTUAL BANCORP OF ILLINOIS, INC., and PETHINAIDU VELUCHAMY, <br><br> Defendants. | Case No. 2009-CV-05108 <br><br> Hon. Milton I. Shadur |
| BANK OF AMERICA, N.A., SUCCESSOR TO LASALLE BANK, NATIONAL ASSOCIATION, a national banking association, <br><br> Plaintiff, <br> v. <br><br> PETHINAIDU VELUCHAMY and PARAMESWARI VELUCHAMY, <br><br> Defendants. | Case No. 2009-CV-05109 <br><br> Hon. Milton I. Shadur |

## DECLARATION

I, _____ , declare:

1. I have received, reviewed and understand the terms and provisions of the Protective Order entered in the proceedings captioned *Bank of America, N.A. v. First Mutual Bancorp of Illinois, Inc. and Pethinaidu Veluchamy,* Case Nos. 09 CV 05108 and 09 CV 05109 (the "Litigation").

2. I agree to be bound by the terms of the Protective Order and will not disclose information or documents produced to me by a party in this Litigation to, or discuss same with, any person, other than those permitted access to such materials under the terms of the Protective Order.

I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct.

Executed on _____

_____